770 F.2d 167
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
DAVID GLENN ROTH, DEFENDANT-APPELLANT.
 NO. 84-5882
 United States Court of Appeals, Sixth Circuit.
 7/30/85
 
 W.D.Ky.
 VACATED AND REMANDED
 ORDER
 BEFORE: KENNEDY and KRUPANSKY, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 
 1
 Defendant is appealing from a district court order overruling his motion to vacate sentence filed under 28 U.S.C. Sec. 2255. The appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 The record shows that the final order of the district court was filed September 10, 1984. On September 21, 1984, defendant moved the district court to reconsider its decision. This motion, however, did not toll the appeals period because it was not served upon the Government within ten days after entry of the September 10 order. Rule 59(e), Federal Rules of Civil Procedure; Rule 4(a)(4), Federal Rules of Appellate Procedure.
 
 
 3
 Defendant filed his notice of appeal on September 24, 1984. On February 20, 1985, the district court entered an order addressing defendant's motion to reconsider and ordering an evidentiary hearing on the issue of ineffective assistance raised in defendant's motion to vacate sentence. Apparently, on June 20, 1985, a hearing was conducted by a magistrate, who recommended denial of defendant's motion. The district court has indicated it will not enter an order adopting the magistrate's report until such time as this Court remands the case for entry of such order.
 
 
 4
 The filing of a notice of appeal normally divests the district court of jurisdiction over the matter appealed. Davis v. United States, 662 F.2d 822 (9th Cir. 1982). However, where, as here, the district court has clearly manifested an intent to modify its initial decision, it would seem a waste of judicial resources to proceed further with the appeal.
 
 
 5
 Accordingly, it is ORDERED that the district court's order of September 10, 1984, be vacated and the case is remanded for further proceeding. Upon entry of a new final order, the defendant, if he desires to appeal, must file a new notice of appeal.